IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BEST WESTERN INTERNATIONAL, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 2:19-CV-48-D-BR |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. SHU-GL0035-04, and ENGLE MARTIN & ASSOCIATES, LLC, | § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff's Motion to Remand (ECF 7). Plaintiff requests that the Court remand the case to state court and award Plaintiff attorney fees. Defendants do not oppose Plaintiff's request that the case be remanded, but do oppose Plaintiff's request for attorney fees. (*See* ECF 11). The undersigned recommends the motion be DENIED.

## I.    ANALYSIS

### A.  Plaintiff's request for attorney fees under 28 U.S.C. § 1447(c)

The parties dispute whether Plaintiff is entitled to attorney fees under 28 U.S.C. § 1447(c). Section 1447(c) provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney fees may be awarded "when the removing party lacks an objective reasonable basis for removal." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012).[1] The application of § 1447(c)

---

[1] "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic

requires the Court to "consider objectively the merits of the defendant's case at the time of removal." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (internal citation omitted).

The parties' diversity of citizenship is not disputed. The only issue before the Court is whether the amount in controversy exceeds $75,000, and whether Defendants lacked an objectively reasonable basis to believe that the amount in controversy exceeds $75,000. Judge Fitzwater has stated:

> When a defendant seeks to remove on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the plaintiff in her state court petition. *See* 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."). "[T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (citing [*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)]). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Ford v. United Parcel Serv., Inc. (Ohio)*, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, C.J.) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).
>
> Once a defendant shows that the amount in controversy more likely than not exceeds the jurisdictional amount, "the plaintiff must be able to show that, as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [it] has prayed in the state court complaint." *De Aguilar*, 47 F.3d at 1411. The Fifth Circuit has suggested that a plaintiff may meet this obligation by citing a state law that prohibits recovery of damages in excess of those sought in the petition. *Id.* at 1412. Absent such a statute, " '[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints[.]' " *Id.* (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).

*Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 869–70 (N.D. Tex. 2017).

---

decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

Plaintiff's Original Petition seeks damages of $54,000 for Texas Insurance Code violations and breach of contract. (*See* ECF 1 at 15). Plaintiff also seeks 18% interest pursuant to the Texas Prompt Payment Act, attorney fees under Texas Insurance Code § 542.060, and attorney fees under Texas Civil Practice & Remedies Code § 38.001. (*See* ECF 1 at 15, 18–20). Both are included in the amount in controversy. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (statutory damages under former Article 21.55 of the Texas Insurance Code, which provided for an 18% per annum penalty for failure to timely pay an insurance claim, as well as potential attorneys' fees must be included in calculating the amount in controversy); *Manguno*, 276 F.3d at 723 ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.") (internal citation omitted).

Plaintiff claims that statutory interest would be $9,720 (18% of $54,000) and the amount in controversy is at most $63,720. (ECF 7 at 2). Defendant does not offer a calculation of interest. When determining the amount in controversy, "the statutory interest that will be awarded if the plaintiff is successful will be the amount of the claim at 18 percent interest calculated from the due date…until the date of judgment." *Watson v. Provident Life & Acc. Ins. Co.*, No. CIV.A. 3:08-CV-2065-, 2009 WL 1437823, at *5 (N.D. Tex. May 22, 2009); *see Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427–28 (Tex. 2004)).

The Court cannot provide an exact calculation because it does not have exact due dates and payment amounts, but makes a rough estimate and resolves any doubts in favor of remand. *See In re Hot–Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). The Court will assume Plaintiff seeks only

$54,000[2], that the entire amount was not due until the day Plaintiff filed suit[3], February 8, 2019,

and that the parties could obtain a trial setting on July 8, 2020.[4] The Court estimates that statutory

interest would be $13,770.[5] *See Watson*, No. CIV.A. 3:08-CV-2065-, 2009 WL 1437823, at *5

(calculating statutory interest from the time payment was owed until the date of judgment to

determine amount in controversy).

Though Plaintiff requests the Court award it attorney fees, it offers no argument or evidence

regarding the amount of its attorney fees to date. Defendant provides no argument or evidence of

---

[2] The Court need not determine whether Plaintiff will recover greater than $54,000 if it is successful at trial because even this amount, together with statutory interest and potential attorney fees, is sufficient to meet the jurisdictional requirement. However, Plaintiff's petition states its damages "to date total over $54,000." (ECF 1 at 15). While the Court considers only the $54,000 amount Plaintiff specifically identified, it is worth noting that Plaintiff's assertions that it seeks only $54,000 are not conclusive in determining the amount in controversy, nor do they prevent Plaintiff from later recovering a greater amount. *See Ford*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *4 (citing *Sosa v. Cent. Power & Light*, 909 S.W.2d 893, 895 (Tex. 1995); *Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 941 (Tex. 1990)).

Another portion of Plaintiff's petition is noteworthy. Plaintiff's declaratory judgment action seeks a declaration that the policy requires Defendant to indemnify Plaintiff for any "bodily injury" awarded in a lawsuit filed against Plaintiff. (ECF 1 at 15–6). The lawsuit against Plaintiff is the basis for this insurance dispute and involves claims that two guests of Plaintiff's hotel were poisoned by carbon monoxide during their stay and later died. (*Id*. at 14). The petition filed in the lawsuit against Plaintiff is attached to Defendants' Notice of Removal. (*See* ECF 1 at 94–118). It is unclear what amount of damages for "bodily injury" is at issue, but the petition states "monetary relief in excess of $1,000,000" is sought. (*Id*. at 116). Although not considered in the amount in controversy calculation, this would most certainly have provided Defendants with an additional objectively reasonable basis for removing the case. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) ("[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim…").

[3] Plaintiff's petition states that a certain amount was owed on March 20, 2018, 60 days after Plaintiff's January 19, 2018 letter. (ECF 1 at 18, paragraph 21). Plaintiff's January 19, 2018 letter is attached to Defendant's Notice of Removal and supports this conclusion. (ECF 1 at 129–131). *See St. Paul Reinsurance Co.*, 134 F.3d 1250, 1254 (5th Cir. 1998) (considering a pre-suit demand letter in determining the value of the plaintiff's claims at the time of removal). Nevertheless, the Court will use a date almost 11 months later.

[4] The Court continued the Rule 16 Conference and entrance of a scheduling order in light of Plaintiff's Motion to Remand (ECF 10), and no ready for trial date has been set. A trial setting in July 2020 is optimistic, given that the parties are not required to submit a Joint Proposed Scheduling Order until after the acceptance of these Findings, Conclusions, and Recommendation. Plaintiff's calculation seems to be based on when the case is likely to be "resolved." (ECF 7 at 2). As the Court reads the law, the statutory interest calculation is not based on the likelihood of settlement, nor is the broader calculation of the amount in controversy.

[5] There are 17 months from February 8, 2019 to July 8, 2020. The Court's calculation is as follows:

$(.18/12)(17)(($54,000) = $13,770$

what Plaintiff's attorney fees are likely to be. This District has held that estimated attorney's fees through trial are included in the amount of controversy.[6] *Watson*, No. CIV.A. 3:08-CV-2065, 2009 WL 1437823, at *5–6 (citing *Manguno*, 276 F.3d at 724; *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873–74 (5th Cir. 2002)). To meet the amount-in-controversy requirement, Plaintiff would have to recover $7,230 in attorney fees.

This District has found a potential award of $25,945 in attorney fees too speculative to meet the amount-in controversy requirement without evidence of the expected amount of fees. *2400 Thomas Ass'n, Inc. v. Fireman's Fund Ins. Co.*, No. 3:11-CV-3527-N, 2012 WL 13024100, at *3–4 (N.D. Tex. Sept. 10, 2012); *see Adams v. Nationwide Mut. Ins. Co.*, No. CIV.A. 3:02-CV-1607-2003 WL 21251734, at *4 (N.D. Tex. Mar. 28, 2003) ( potential award of $41,250 in attorney fees was too speculative to establish amount in controversy exceeded $75,000 where no competent evidence was provided to establish the amount of fees). However, another District within the Fifth Circuit has found that an award of $10,000 in attorney fees was more likely than not where Plaintiff brought claims under Chapters 541 and 542 of the Texas Insurance Code. *Redmon v. Stonebridge Life Ins. Co.*, No. 4:15-CV-1696, 2016 WL 8650473, at *1 (S.D. Tex. Jan. 22, 2016).

Using the common-sense test applied by other courts in this District, the Court finds an award of $7,320 in attorney fees is more than likely in a case involving claims of Texas Insurance Code Violations. *See Pesole*, 277 F. Supp. 3d at 870 (citing *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3–4 (N.D. Tex. Oct. 28, 2013)). This amount is conservative given that Plaintiff's letters and correspondence with Defendants before filing suit date back to September 28, 2017. (*See* ECF 1 at 120). The Court also notes that Plaintiff's request for attorney fees in its motion to remand indicates that Plaintiff has incurred some attorney fees even in the

---

[6] Further, the case was removed to this Court on March 15, 2019, making the time between removal and the projected trial date slightly less than 16 months. Based on this timeframe, statutory interest would be $12,960.

relatively short time the parties have been in federal court.

The amount of compensatory damages sought ($54,000) and estimated statutory interest ($13,770) total $67,770; additionally, the amount of pre-filing attorney fees and reasonable attorney fees through trial will more likely than not total more than $7,320. Thus, the Court finds Defendants possessed an objectively reasonable basis to believe the amount in controversy exceeds $75,000. For these reasons, the undersigned recommends Plaintiff's request for attorney fees under 28 U.S.C. § 1447(c) be DENIED.

## B. Plaintiff's Motion to Remand

The Court's analysis to determine whether Defendant possessed an objectively reasonable basis for removing the case makes it clear not only that the amount in controversy exceeds the jurisdictional amount, but also that Plaintiff has not shown with legal certainty that its damages will be less than the jurisdictional amount. The Court cannot remand a case on a ground not expressly permitted by the controlling statutes[7] and has no discretion to remand a case when diversity jurisdiction exists.[8] *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988).

The Court acknowledges that Defendants state multiple times in their response that they do not oppose remand of the case, but the Court cannot remand a case simply because the parties agree to remand after removal. *See Mestas v. State Farm Mut. Auto. Ins. Co.*, No. EP-14-CA-

---

[7] "Generally, the remand of a case that has been removed to federal court is governed by statutory provisions found at 28 U.S.C. §§ 1441(c) and 1447(c)." *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993). "Under these two sections, the district court has general authority to remand a case under any of the following circumstances: 1) it has discretion to remand state law claims that were removed along with one or more federal question claims; 2) it must act on a timely motion to remand based on a defect in removal procedure; and 3) it must remand a case over which it has no subject matter jurisdiction." *Id*. One additional jurisprudential authority for discretionary remand exists. *Id*. "[A] district court has discretion to remand to state court a removed case involving [only] pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie–Mellon University*, 484 U.S. at 357.

[8] *See also Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 344 (1976), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ("Lower federal courts have uniformly held that cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute").

00075-FM, 2014 WL 12874059, at *2 (W.D. Tex. Mar. 25, 2014) (citing *Blake v. ACE Am. Ins. Co.*, No. CIVA 2:07-CV-00620, 2008 WL 687449, at *3 (S.D.W. Va. Mar. 11, 2008) (court lacked discretion to remand, despite parties' agreement that defendant would consent to remand in exchange for plaintiff abandoning his claims under the Texas Insurance Code)).

Additionally, to the extent the parties claim they have reached an agreement to remand the case after removal, the Court notes that post-removal attempts to fix the amount in controversy below the jurisdictional amount are generally unavailing unless used to clarify an ambiguous basis for jurisdiction. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 291 ("And though ... the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."); *see also De Aguilar*, 47 F.3d at 1412; *see also Ford*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *4.

The undersigned recommends Plaintiff's Motion to Remand be DENIED.

## II.    RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that Plaintiff's Motion to Remand be DENIED.

It is unclear whether any party wants to stay in federal court. Defendants' response states multiple times that they do not oppose remand of the case. For this reason, the parties may use the 14-day objection period to either: (1) file a joint pleading as to the voluntary dismissal of the case, in which case the undersigned will withdraw these Findings, Conclusions, and Recommendation, or (2) file objections to these Findings, Conclusions, and Recommendation.

## III.    INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 14, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).